# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

GREGORIO SEIJAS HERNANDEZ,

        Petitioner,

v.                                                  Case No. 3:26-cv-140-WWB-SJH

FIELD OFFICE DIRECT.
GARRETT RIPA, et al.,

        Respondents.

## **ORDER**

Before the Court is Respondents' Notice of Release (Doc. 10) advising that the United States Department of Homeland Security, Immigration and Customs Enforcement ("**ICE**") released Petitioner on February 5, 2026. Respondents explain that this information has been relayed to Petitioner's counsel who also confirmed Petitioner's release. (*Id.* at 1). Respondents have likewise filed a copy of ICE's Order to Release confirming Petitioner was released from custody on February 5, 2026. (Doc. 11-1).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) and this case are **DISMISSED without prejudice** as moot.

2. The Clerk shall enter judgment accordingly, terminate any pending motions, and close the file.

3. If Petitioner appeals the dismissal of the case, this Court denies a certificate of appealability.[1]  Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, on February 12, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:   Counsel of record

---

[1] The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, the Court will deny a certificate of appealability.